JUDGE TSUCHIDA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | NO. MJ 10-192 |
| Plaintiff, ) | |
| ) | |
| v. ) | DEFENDANT'S |
| ) | MEMORANDUM IN |
| DARYL FONTANA, ) | SUPPORT OF |
| ) | PRETRIAL RELEASE |
| Defendant. ) | |

## I. INTRODUCTION

Mr. Fontana submits this Memorandum and the accompanying attachments in opposition to the government's motion for detention and in support of his request for pretrial release. Mr. Fontana, who is thirty-seven years old and has no prior criminal history, has resided in the vicinity of Duncan, British Columbia his entire life. There, he and his wife, Candace Fontana, own and operate "Playground Fitness", a local fitness center. *See* Exhibit 1, Website (www.playgroundfitness.ca). Mr.

MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE   1

**MORRIS AND HART, PLLC**
119 First Avenue South, Suite 500
SEATTLE, WASHINGTON 98104
PHONE (206) 623-1359   FAX (206) 682-3002

Fontana is a devoted father to his three children, Mariah (13), Kahlil (8), and Dreden (7), with whom both he and his wife reside.  Through his business, he has contiributed substantially to his community, both through service and through donations.  *See* Exhibit 2, Verification of Community Service.  His strong connection to his community is evidenced by the recognition he has received both for his public service and for his personal achievements (Mr. Fontana is an accomplished "IronMan").  *See* Exhibit 2 and Exhibit 3, News Stories.  Mr. Fontana enjoys the respect and admiration of many friends and colleagues.  *See* Exhibit 4, Letters of Support.  Upon his arrest, he gave a complete statement to ICE agents outlining the details of the offense, apologizing for "knowingly breaking the laws on both sides of the border", and expressing his "deep regret at the pain I will have caused family and friends."  *See* Complaint at 6.  He and his wife have already begun the difficult process of telling their friends and colleagues about his situation.  In short, Mr. Fontana is confronting this situation directly and appropriately, and has no desire to hide from it.

## II.     MEMORANDUM OF LAW

### A.     *The Rebuttable Presumption*

Release of defendants pending trial is governed by the Bail Reform Act, 18 U.S.C. § 3142 *et seq*.  The Act creates a presumption in favor of detention in any drug case where the maximum punishment is ten years or more.  18 U.S.C.

3142(e)(3). The presumption, however, is rebuttable, and shifts only the burden of production to the defense, not the burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). If a defendant proffers evidence to rebut the presumption, the court then considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Hir*, *supra* at 1086; *United States v. Winsor,* 785 F.2d 755, 757 (9th Cir.1986); *United States v. Motamedi,* 767 F.2d 1403, 1407 (9th Cir.1985).

Here, Mr. Fontana has clearly produced ample evidence to meet his burden of production, rebutting the presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *See* 18 U.S.C. 3142(e)(3). This Court must therefore consider the factors as outlined in 18 U.S.C. 3142(g), all of which support a finding that Mr. Fontana is neither a flight risk nor a danger to the community. To the

extent this Court finds otherwise, conditions clearly exist which will reasonably assure Mr. Fontana's appearance and the safety of the community.

**B.** *<u>General Legal Framework</u>*

The government has the burden of proof on the issue of risk of flight and must do so by a clear preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). As to the issue of dangerousness, the government must prove, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(f)(2).

Federal law has traditionally provided that a person arrested for a non-capital offense shall be admitted to bail. *Motamedi*, 767 F.2d at 1405, citing *Stack v. Boyle*, 342 U.S. 1, 4 (1951). Only in rare cases should release be denied. *Sellars v. United States*, 89 S. Ct. 36, 38 (1968). Moreover, any doubts regarding propriety of release are to be resolved in favor of the defendant. *Herzog v. United States*, 75 S. Ct. 349, 351 (1955).

Detention is only allowed if "no conditions or combinations of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e). This provision requires the Court to engage in a two-step inquiry before detaining a defendant. It must first make a finding as to whether the defendant presents a risk of flight if not detained and second, if the Court finds that he or she is

likely to flee, then the Court must proceed to determine whether there are conditions or a combination of conditions which would reasonably assure the presence of the defendant at trial, if released. *United States v. Shakur*, 817 F.2d 189, 194-95 (2d Cir. 1987). With respect to the second part of the inquiry, the burden remains on the government. *Ibid*.

### C. *Consideration of 3142(g) Factors*

In assessing the relevant factors, this Court must consider available conditions that may be imposed. Although Mr. Fontana is a Canadian citizen, Pretrial Services has an excellent program for supervising Canadian defendants. The standard conditions available through this program will ensure that Mr. Fontana maintains his employment, abides by restrictions on personal associations, place of abode, travel, provides urinalysis samples, and reports on a regular basis to a Pretrial Services, or a Canadian partner agency. This Court can also impose other conditions as long as they are the least restrictive conditions necessary to reasonably assure his presence at trial. 18 U.S.C. § 3142(C).

Mr. Fontana urges this Court not to impose bail as a condition of release. As will be outlined in the report of Pretrial Services, Mr. Fontana and his wife have very limited assets and a great deal of liability. While Mr. Fontana can probably pay some limited bail, it would be a financial hardship. The defense submits that Mr. Fontana's return to court and community safety can be assured without the financial

incentive of a bail.

    *(1)*    <u>The nature and circumstances of the offense</u>

Mr. Fontana's charge, a violation of 21 U.S.C. 841(C), carries no mandatory minimum penalties, and has an advisory guidelines range of 30-37 months (after acceptance of responsibility but prior to any adjustments for mitigating role or safety valve). This range may be lower, depending on the exact weight of the marijuana that was seized (currently estimated at 60.49 KG). Mr. Fontana gave a complete and contrite statement to the authorities upon his arrest. His candor demonstrates his willingness to confront his legal problems head-on.

    *(2)*    <u>The weight of the evidence against the defendant</u>

Although the case against Mr. Fontana appears straightforward, this factor is the least significant for the Court's consideration. *United States v. Motamedi*, *supra*. Furthermore, the case against Mr. Fontana appears straightforward in part because Mr. Fontana willingly provided so much information to the authorities.

    *(3)*    <u>The history and characteristics of Mr. Fontana</u>

As outlined in the introduction, Mr. Fontana is thirty-seven years old, has no prior criminal history, an excellent record of public service and personal achievement, and strong ties to his family, business, and community.

    *(4)*    <u>The nature and seriousness of the danger to any person or the community that would be posed by Mr. Fontana's release</u>

MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE     6     **MORRIS AND HART, PLLC**
119 First Avenue South, Suite 500
SEATTLE, WASHINGTON 98104
PHONE (206) 623-1359    FAX (206) 682-3002

There is simply no basis to believe Mr. Fontana represents any danger to the community. The allegations as outlined in the Complaint indicate that Mr. Fontana was recruited into a one-time operation, and that he is neither a leader nor a member of any criminal organization. The documentation that accompanies this memorandum portrays as individual who has previously led a law-abiding life, devoted to his family and community.

### III. CONCLUSION

For all of the reasons outlined above, Mr. Fontana respectfully requests that this Court deny the Government's motion for detention.

DATED this 29th day of April, 2010.

Respectfully submitted,

s/Daron Morris
WSBA No. 32524
Attorney for Daryl Fontana
Morris and Hart, PLLC
119 First Ave. S., Ste. 500
Seattle, WA 98104
206/623-1359
206/682-3002
dmorris.law@gmail.com

### Certificate of Service

I certify, under penalty of perjury under the laws of the State of Washington, that today I electronically filed this pleading and all attachments with the Clerk of Court using the CM/ECFsystem, which will send electronic notification of the filing to the attorneys of record for each of the parties.

Signed on April 29th, 2010 in Seattle, Washington.

/s/ Daron Morris
WSBN 32524
Morris and Hart, PLLC
Attorney for Mr. Fontana
119 First Avenue South, Suite 500
Seattle, WA 98104
Ph:   (206) 623-1359
Fax:  (206) 682-3002
E-mail: dmorris@gmail.com

t