*Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.*

*APRIL 29, 2010*
*BRUCE RIFKIN, Clerk*
*By _____ Deputy*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BAFARO,<br>CHRISTOPHER ANDREW NEARY,<br>DARYL PAUL FONTANA,<br>SINISA GAVRIC,<br>CARL ANDREW THIESSEN,<br><br>Defendants. | CR10 0124 MJP<br><br>INDICTMENT |

The Grand Jury charges that:

### Count 1
### (Conspiracy to Distribute Marijuana)

Within the last five years, and continuing until on or about April 26, 2010, at Whatcom County, within the Western District of Washington and elsewhere, RICHARD BAFARO, CHRISTOPHER ANDREW NEARY, DARYL PAUL FONTANA, SINISA GAVRIC, CARL ANDREW THIESSEN, and others know and unknown, did knowingly and intentionally conspire to distribute, marijuana, a substance controlled under Schedule I, Title 21, United States Code, Section 812.

The Grand Jury further alleges the offense involved at least 50 kilograms of marijuana.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 846.

## Count 2
### (Conspiracy to Import Marijuana)

Within the last five years, and continuing until on or about April 26, 2010, at Whatcom County, within the Western District of Washington and elsewhere, RICHARD BAFARO, CHRISTOPHER ANDREW NEARY, DARYL PAUL FONTANA, SINISA GAVRIC, CARL ANDREW THIESSEN, and others know and unknown, did knowingly and intentionally conspire to import, marijuana, a substance controlled under Schedule I, Title 21, United States Code, Section 812 from a place outside the United States, that being Canada, to a place inside the United States, that being, Glacier, Washington.

The Grand Jury further alleges the offense involved at least 50 kilograms of marijuana.

All in violation of Title 21, United States Code, Sections 952(a), 960(b)(3) and 963.

## Count 3
### (Possession of Marijuana with Intent to Distribute)

On or about April 25, 2010 to April 26, 2010, at Whatcom County within the Western District of Washington and elsewhere, RICHARD BAFARO, CHRISTOPHER ANDREW NEARY, DARYL PAUL FONTANA, SINISA GAVRIC, and CARL ANDREW THIESSEN, did knowingly and intentionally possess marijuana, a substance controlled under Schedule I, Title 21, with the intent to distribute, and did aid and abet the possession of marijuana with the intent to distribute.

The Grand Jury further alleges the offense involved at least 50 kilograms of marijuana.

The Grand Jury further alleges that this offense was committed in furtherance of the conspiracies charged in Count 1 and Count 2.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and Title 18, United States Code, Section 2.

## Count 4
### (Money Laundering)

On or about April 25, 2010 to April 26, 2010, at Whatcom County, within the Western District of Washington, and elsewhere, CARL ANDREW THIESSEN did knowingly and

INDICTMENT - 2

1 intentionally transport, transmit, and transfer, and aid and abet the transport, transmission and
2 transfer, of monetary instruments, to a place inside the United States, that is, the Whatcom
3 County, from or through a place outside the United States, that is Canada, with the intent to
4 promote the carrying on of a specified unlawful activity, that is, Conspiracy to Distribute
5 Marijuana and Conspiracy to Import Marijuana, as charged in Count 1 and Count 2 of this
6 Indictment.
7     All in violation of Title 18, United States Code, Section 1956(a)(2)(A).
8
9 **ALLEGATION OF FORFEITURE**
10     Pursuant to Title 21, United States Code, Section 853, the defendants shall forfeit to the
11 United States their interest in any property, real or personal, constituting, or derived from, any
12 proceeds they obtained, directly or indirectly, as the result of the offenses charged above and any
13 property used, or intended to be used, in any manner or part, to commit, or to facilitate the
14 commission of such offenses. If any of the forfeitable properties, as a result of any act or
15 omission of the defendants --
16     (1) cannot be located upon the exercise of due diligence;
17     (2) has been transferred or sold to, or deposited with, a third party;
18     (3) has been placed beyond the jurisdiction of the court;
19     (4) has been substantially diminished in value; or,
20     (5) has been commingled with other property which cannot be divided without
21     difficulty;
22 //
23
24
25
26
27
28

INDICTMENT - 3

1  it is the intent of the United States, pursuant to Title 21, United States Code,
2  Section 853(p), to seek forfeiture of any other property of the defendants up to the
3  value of the above-described property.

A TRUE BILL
DATED:

*(Signature of Foreperson redacted pursuant to the policy of the judicial conference.)*

_____
FOREPERSON

_____
JENNY A. DURKAN
United States Attorney

_____
DOUGLAS B. WHALLEY
Assistant United States Attorney

_____
LISCA BORICHEWSKI
Assistant United States Attorney